**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 11-60033-CR-COOKE(s)**

FILED by _____ D.C.

NOV 2 3 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**UNITED STATES OF AMERICA**

**vs.**

**NICHOLAUS THOMAS,**

      **Defendant.**

_____/

**PLEA AGREEMENT**

      The United States of America and NICHOLAUS THOMAS (hereinafter referred to as the "defendant") enter into the following agreement:

      1.  The defendant agrees to plead guilty to **Count 1** and **Count 29** of the Superseding Indictment.  **Count 1** charges that the defendant did knowingly and intentionally conspire to:

      a. distribute and cause to be distributed to patients at Broward Urgent Care, a controlled substance, that is oxycodone, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2;

      b. to knowingly and intentionally dispense and distribute, and cause to be dispensed and distributed, quantities of controlled substances, primarily oxycodone, a Schedule II Controlled Substance, not for a legitimate medical purpose and not in the usual course of professional practice, contrary to Title 21, United States Code, Section 841(a)(1); and

c.  to knowingly and intentionally open, lease, rent, use and maintain, and cause to be opened, leased, rented, used, and maintained, certain places for the purpose of distributing dispensing controlled substances unlawfully, primarily oxycodone, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 856(a)(1); all in violation of Title 21, United States Code, Sections 846, and

**Count 29** of the Superseding Indictment charges that the defendant did knowingly engage and attempt to engage in monetary transactions affecting interstate and foreign commerce, by and through a financial institution, such transaction involving criminally derived property of a value greater than $10,000, to wit: the defendant purchased a 2004 Daimler-Benz Maybach 57, VIN #WDBVF78J44A000494 for $115,395.00 consisting of $80,393.70 in cash plus a vehicle trade-in allowance from the seller  such property having been derived from a specified unlawful activity, that is, the conspiracy charged in **Count 1** of the Superseding Indictment and distribution of controlled substances, in violation of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; all in violation of Title 18 United States Code, Section 1957.

2.    This Office agrees to seek dismissal of **Count 28** of the Superseding Indictment, as to the defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.  The defendant is also aware that,

- 2 -

under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that as to **Count 1** of the Superseding Indictment, the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000. As to **Count 29** of the Superseding Indictment, the Defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of not more than three (3) years' supervised release.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or twice the amount of the criminally derived property involved in the transaction.

5. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 for both

counts for a total of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances

- 4 -

surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. <u>Role in Offense</u>: That the defendant should receive a three-level increase as a manager and supervisor of criminal activity that involved five or more participants, pursuant to Section 3B1.1 of the Sentencing Guidelines.

9. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of

sentencing.  If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced.  The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11.  The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government.  In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12.  The defendant further agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all assets, and/or their substitutes which are subject to forfeiture, pursuant to Title 21, United States Code, Section 853, constituting or derived from proceeds of an unlawful drug activity or was used or intended to be used to facilitate unlawful drug activity as set forth in **Count 1** and **Count 29** of the Indictment, specifically:

> (A.)   2004 Daimler AG Maybach 57, VIN: WDBVF78J44A000494,
>        Fl Tag  BOSHOG5;

- 6 -

(B.)     $10,413.00 seized from Broward Urgent Care located at 1409 SE 1ST Avenue, in Fort Lauderdale, Florida on 02-23-2011 owned by VINCENT COLANGELO and NICHOLAUS THOMAS;

(C.)     $3,120.00 seized from within the residence of NICHOLAUS THOMAS located at 168 Isles of Venice Drive in Fort Lauderdale, Florida on 02-23-2011;

(D.)     $52.43 seized from Bank of America account number 898010053275 in the name of NICHOLAUS THOMAS ("Thomas Account"), located at Bank of America, 901 SE 17th Street Causeway, Fort Lauderdale, Florida 33316, seized on 02-23-2011.

(E.)     $49,700.00 seized from a Safe Deposit Box # 3192 located at 3562 North Ocean Boulevard in Fort Lauderdale, Florida, on 02-24-2011.  The box was registered in the name of "Chris Johnson" and utilized by NICHOLAUS THOMAS;

(F.)     10 flat screen color televisions;

(G.)     2001 Chaparral 21 foot boat Serial Number FGBX108E101 and trailer;

(H.)     In exchange for Defendant's consent to the above forfeiture, the United States agrees to return a man's gold watch, a man's gold ring, a 2007 Chevrolet Avalanche Truck and $20,000.00 in U.S. currency to Defendant Thomas, through a check from the United States Marshals Service payable to his attorney, Robert H. Trachman, Attorney for Defendant Thomas, 101 SE 10TH Street, Fort Lauderdale, Florida 33316.

13.   The defendant agrees to waive notification about any forfeiture proceedings, whether administrative or judicial and agrees to waive any statute of limitation considerations.

14.   The defendant further agrees to waive presentation of the forfeiture matter to a jury and agrees to waive any constitutional challenges to the forfeiture, including any challenges under the Eighth Amendment to the United States Constitution.

15.   Furthermore, defendant agrees to execute any other document necessary to transfer all rights, title, and interest in the above described property.

16.  Defendant, and by these presents does for his heirs, statutory survivors, executors, administrators, personal representatives, successors and assignees, hereby release and forever discharge the United States of America, it agencies, and their employees, agents or assigns from any claims arising from the forfeiture and disposition of the defendant's property in connection with the events which form the basis of this case

17. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities.  Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture counts of the indictment.  Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

18.  The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum

- 8 -

permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

19. The defendant is aware that the sentence has not yet been determined by the Court. The  defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges,  as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or  a  recommendation  made jointly by both the defendant and the government.

20.  This is the entire agreement and understanding between the United States and the defendant.  There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: Nov 18th 2011

By: _____
SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY

Date: _____

By: _____
GREGORY E. TORTELLA
SPECIAL ATTORNEY

Date: Nov 18th 2011

By: _____
ROBERT H. TRACHMAN
ATTORNEY FOR DEFENDANT

Date: Nov 18 2011

By: _____
NICHOLAUS THOMAS
DEFENDANT